**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**-vs-**                                              **Case No. 6:99-cr-69-Orl-19**

**DONALD MITCHELL,**

        **Defendant.**

## ORDER

This case comes before the Court on the Motion for Recusal by Defendant Donald Mitchell. (Doc. No. 215, filed Nov. 16, 2008.) Defendant moves for recusal of the undersigned Judge, arguing that the Judge's impartiality may reasonably be questioned because of statements made during Defendant's September 25, 2007 sentencing hearing. (*Id.* at 1-2.)

To support his Motion, Defendant cites 28 U.S.C. § 455(a) (2006) which states: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The Eleventh Circuit Court of Appeals has held that under Section 455(a), "recusal is appropriate only if an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Amedeo*, 487 F.3d 823, 828 (11th Cir. 2007) (quotation marks and citation omitted). In addition, the United States Supreme Court has gone into some detail explaining the proper bases for disqualification under this provision:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or

>       antagonism that would make fair judgment impossible.  Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.  They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. . . . Not establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display.

*Liteky v. United States*, 510 U.S. 540, 555-56 (1994) (citation omitted).  In affirming the trial court's denial of the defendant's motion for recusal, the Supreme Court found:

>       All of these grounds are inadequate under the principles we have described above: They consist of judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel and to witnesses.  All occurred in the course of judicial proceedings, and neither (1) relied upon knowledge acquired outside such proceedings nor (2) displayed deep-seated and unequivocal antagonism that would render fair judgment impossible.

*Id.* at 556.

On September 25, 2007, having found Defendant guilty of violating the conditions of his supervised release, the Court sentenced Defendant to eleven months in prison followed by three more years of supervised release.  (Doc. No. 169.)  In imposing this sentence, the Court stated:

>       Now, Mr. Mitchell, I want to tell you that if you serve this time and you get out and you do not comply with the terms and conditions of your supervised release, you will be arrested, you will go through this process again, and when you come back in here, you can expect me to sentence you to the full and maximum term that is allowed by law.

(Doc. No. 180 at 15, filed Nov. 20, 2007.)  Defendant argues that this statement demonstrates that the Court will not "consider the nature and circumstances of the offense in fashioning its sentence" and will not consider his "history and characteristics in relation to this violation of supervised release" pursuant to 18 U.S.C. § 3553(a). (Doc. No. 215 at 2.)  Instead, Defendant states, "he must expect the maximum sentence this Court can legally impose." *Id.*

Contrary to Defendant's interpretation of this Court's prior statement, the Court explicitly told Defendant that it would follow the law in imposing any future sentence, thus demonstrating that the Court would consider the factors set forth in 18 U.S.C. § 3553(a). Moreover, as the Tenth Circuit Court of Appeals explained, "the mere fact that a judge has previously expressed an opinion on a point of law" or has expressed "a determination to impose severe punishment within the limits of the law upon those found guilty of a particular offense" will not normally satisfy the standard for recusal in Section 455(a). *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993); *cf. Walmsley v. Marshall*, No. C-05-1693-CRB, 2005 WL 3357104, at * (N.D. Cal. Dec. 9, 2005) (denying a petition for a writ of habeas corpus on the grounds that it was not an unreasonable application of the law for a state court to affirm a sentence imposed by a trial judge upon the defendant's violation of supervised release when that trial judge previously stated during the defendant's original sentencing that the judge would send the defendant to prison if that defendant violated the terms of his probation). Defendant has cited no case law justifying his position that a warning to the defendant during sentencing, based on the facts before the Court at that time, warrants recusal from subsequent proceedings.

Immediately after making the contested statement, the Court continued, "I am giving you a break by giving you 11 months. In my heart, I think you should be sent away for the entire time that I could send you away right now, but I'm going to give you a break and give you this one last chance." (Doc. No. 180 at 15.) As this language demonstrates, the Court made these statements to Defendant to explain its imposed sentence. The Court's expressed opinion was based on facts introduced at the sentencing hearing, not extrajudicial matters. Furthermore, such statements did not show deep-seated or unequivocal judgment towards Defendant; in fact, they were made as the

Court was giving Defendant a sentence below the permitted maximum to give Defendant another chance to improve his behavior. Thus, a reasonable person would not entertain a significant doubt about the Court's impartiality in a subsequent proceeding. *Amedeo*, 487 F.3d at 828.

## Conclusion

Based on the foregoing, the Motion for Recusal by Defendant Donald Mitchell (Doc. No. 215, filed Nov. 16, 2008) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on November 17, 2008.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Defendant